FILED
SUPERIOR COURT
OF GUAM

2014 OCT 13 PM 1: 51

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

ROSARIO S. BAUTISTA and
MANUEL C. SHOLING,

     Plaintiffs.

    vs.

FRANCISCO TORRES, Individually and
as the Previous Special Administrator and
Now Executor of the Estate of Jesus U.
Torres, Deceased,

     Defendant.

DANIEL U. TORRES and BARBARA M.
DeMELLO, TRUSTEE UNDER THE
ESTEBAN TORRES FAMILY TRUST
DATED MAY 12, 1995

     Intervenor Plaintiffs.

    vs.

ROSARIO S. BAUTISTA and
MANUEL C. SHOLING,

     Defendants,

    And

GLORIA C. SHOLING,

    Third-Party Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Case No. CV0471-07


**DECISION AND ORDER: Defendant
Francisco Torres' Motion for Summary
Judgment**

### INTRODUCTION

This matter came before the Court on the Defendant Francisco Torres' Motion for

Summary Judgment. Attorney Wayson W.S. Wong represented Plaintiffs Rosario Bautista and

1

Manuel Sholing. Defendant Francisco Torres was represented by Attorney John C. Terlaje. Upon review of the evidence, written arguments, and legal authorities presented, the Court hereby issues this Decision and Order Granting Defendant Torres' motion.

## BACKGROUND[1]

In 1967, Mrs. Ana Sholing and her three children,[2] Manuel Sholing ("Plaintiff Sholing"), Rosario Bautista ("Plaintiff Bautista") and Gloria Sholing, owned property in Tumon, Guam ("PIC property") on which the Pacific Islands Club Guam ("PIC") is situated.[3] On September 22, 1967, the Sholing family retained Attorney Jesus U. Torres ("Attorney Torres") to handle legal matters regarding the PIC property for a monthly fee of $200.[4] Thereafter, on October 15, 1987, Ana Sholing[5] entered into an amended agreement ("Amended Agreement") with Attorney Torres regarding negotiation of an amended PIC lease and future legal services.[6] Under this Agreement, Attorney Torres was entitled to ten percent (10%) of revenue generated from PIC rents for twenty-five (25) years as attorney fees, commencing October 1, 1987, and terminating on September 30, 2012.[7]

Pursuant to the Amended Agreement, Attorney Torres performed legal work to assist Mrs. Sholing in negotiating the amended lease for the PIC property in 1987, which significantly increased the amount of rent paid to the Sholing family.[8] After negotiating the amended lease, Attorney Torres took charge of collecting rent for the PIC property and distributed payments to

---

[1] In order to ensure consistency in evaluation of the claims against Defendant Torres and Defendant Perez, the pertinent facts in this section are largely adopted from this Court's Previous Decision and Order granting Defendant Perez's Motion for Summary Judgment.

[2] All three children will be collectively referred to as the "Sholing family."

[3] Third Amended Complaint ¶ 7 at 2, filed July 10, 2009 ("Compl.").

[4] *Id.* ¶ 9 at 2.

[5] Ana Sholing became the attorney-in-fact for her three children to handle their collective interest in the PIC property. *Id.* ¶ 8 at 2.

[6] *See Id.* ¶¶ 11-12 at 2-3; *see also* Compl., Exhibit B to Exhibit 1 (October 15, 1987 Property Management and Retainer Agreement ("Amended Agreement")).

[7] Compl. ¶¶ 11-12 at 2-3; *see* Amended Agreement.

[8] Compl. ¶ 10 at 2.

2

*Bautista and Sholing v. Torres* (CV0471-07)
Decision and Order

the Sholing family.[9] Along with said rental disbursements, Attorney Torres included periodic rent statements to the Sholing family (including each of the plaintiffs) as early as the 1980s, informing them of the total rent amount collected as well as the amounts deducted for taxes and attorney's fees.[10] These statements explicitly reflect that Attorney Torres deducted ten percent (10%) of the PIC property rent in payment of attorney's fees.[11]

After the death of Attorney Torres on August 27, 2002,[12] Attorney Perez (a former defendant in this litigation) continued rent collections for the PIC property[13] as well as notifications of the ten percent fee deductions.[14] As such, the rent statements sent by Attorney Perez remained consistent with those previously sent by Attorney Torres to Plaintiffs.[15]

Despite believing that the Amended Agreement took unfair advantage of their mother, Ana Sholing, Plaintiffs nonetheless waited until after her death in September, 2005,[16] before raising concerns about the ten percent deductions.[17] Plaintiffs stated that, although they suspected that such deductions were excessive, they had not challenged the collection of fees prior to Ana Sholing's death out of respect for her.[18]

---

[9] *Id.* ¶ 12 at 3.
[10] Defendant's Motion for Summary judgment, filed May 10, 2010 ("Motion"), Manual Sholing Deposition Transcript ("Sholing Depo."), p. 103, ll. 11-19 (March 10, 2010); Motion, Rosario S. Bautista Deposition Transcript ("Bautista Depo."), p. 67, ll. 14-25 (March 11, 2010); Motion, Deposition Exhibit File for Sholing Depo. and Bautista Depo. ("Depo. Ex. File"), Exs. W, X, Y, Z, A-1, B-1, C-1, and D-1 (Statements of Rent from Attorney Jesus U. Torres).
[11] Motion, Sholing Depo., p. 103, ll. 11-19 (March 10, 2010); *see also* Motion, Bautista Depo., p. 67, ll. 14-25, p. 68, ll. 1-2 (March 11, 2010); Motion, Depo. Ex. File, Exs. W, X, Y, Z, A-1, B-1, C-1, and D-1 (Statements of Rent from Attorney Jesus U. Torres).
[12] Compl. ¶ 13, at 3.
[13] Motion, Bautista Depo., p. 77, ll. 17-25; p. 78, ll. 1-22 (March 11, 2010); *See, e.g.,* Motion, Depo. Ex. File, E-1 (Statement of Rent from Defendant Perez).
[14] Motion, Depo. Ex. File, E-1 (Statement of Rent from Defendant Perez).
[15] *Compare* Motion, Depo. Ex. File, Exs. W, X, Y, Z, A-1, B-1, C-1, and D-1 (Statements of Rent from Attorney Jesus U. Torres) *with* Motion, Depo. Ex. File, Ex. E-1 (Statement of Rent from Defendant Perez).
[16] Complaint ¶ 47, at 7.
[17] Motion, Sholing Depo., p. 192, ll. 21-25; p. 193, ll. 1-5 (March 10, 2010); Motion, Bautista Depo., p. 69, ll. 16-21, p. 70, ll. 1-25; p. 71, ll. 1-17; p. 80, ll. 1-25; p. 81, ll. 1-4 (March 11, 2010).
[18] Motion, Sholing Depo., p. 96, ll. 13-25; p. 97, ll. 1-25; p. 98; ll. 1-10 (March 10, 2010); Motion, Bautista Depo., p. 68, ll. 20-25; p. 69, ll. 1-21, p. 70, ll. 1-25; p. 71, ll. 1-17; p. 80, ll. 1-25; p. 81, ll. 1-4 (March 11, 2010).

3

*Bautista and Sholing v. Torres* (CV0471-07)
Decision and Order

Plaintiffs had access to independent legal counsel as early as the 1990s, but declined taking any action against Attorney Torres with regard to the deductions. [19] Indeed, Plaintiffs admitted this fact explicitly in their deposition testimony. [20] Plaintiffs eventually contacted their current counsel, Wayson W.S. Wong ("Attorney Wong") to represent them in the present case.[21] On August 30, 2006, Attorney Wong advised Attorney Perez, via letter, that Plaintiffs were entitled to each receive $221,833.33 from the forthcoming PIC rental check.[22] This amount includes in its calculation the ten percent deduction for attorney's fees.[23] On November 15, 2006, Attorney Wong, on behalf of Plaintiffs, sent another letter to Attorney Perez objecting to further deductions under the Amended Agreement.[24] On April 23, 2007, Plaintiffs filed claims against the Torres Estate and Attorney Perez, for breach of fiduciary duty, rescission and restitution, deceptive trade practices, and negligence. [25]

On May 10, 2010, Attorney Perez moved for summary judgment, claiming, among other grounds, that Plaintiffs' claims were time-barred by the statute of limitations.[26] This Court granted summary judgment on April 17, 2013.[27] Based on the holdings in that decision, Defendant Torres moved for summary judgment on July 15, 2014, alleging that the claims

---

[19] See Motion, Bautista Depo., p. 25, ll. 7-24; p. 30, ll. 3-7; p. 31, ll. 2-11 (March 11, 2010); Motion, Sholing Depo., p. 50, ll. 4-9; p. 226, ll. 3-5 (March 10, 2010); Motion, Depo. Ex. File, Ex. T (Deed of Gift).
[20] Motion, Sholing Depo., p. 193, ll. 6-11 (March 10, 2010); Motion, Bautista Depo., p. 71, ll. 4-10 (March 11, 2010).
[21] Motion, Bautista Depo., p. 21, ll. 4-13 (March 12, 2010).
[22] Motion, Bautista Depo., p. 33, ll. 12-17 (March 12, 2010); Motion, Depo. Ex. File., Ex. N-1 (August 30, 2006 Letter from Attorney Wayson Wong to Defendant Perez).
[23] Id.
[24] Compl. ¶ 49 at 7.
[25] See generally id.
[26] Notice of Motion and Motion for Summary judgment, CV0471-07 (May 10, 2010).
[27] Bautista and Sholing v. Torres and Perez, CV0471-07, Decision and Order (Apr. 17, 2013).

4

Bautista and Sholing v. Torres (CV0471-07)
Decision and Order

against him were time-barred for the same reasons which entitled Attorney Perez to summary judgment.[28]

## DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *Gayle v. Hemlani*, 2000 Guam 25 ¶ 20 (citing *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 8; Guam R.Civ.P. 56(c) (1995)). There is a genuine issue if there is "sufficient evidence" which establishes a factual dispute requiring resolution by a fact-finder. *Id.* (citing *Iizuka Corp. v. Kawasho Int'l, Inc.*, 1997 Guam 10 ¶ 7 (citation omitted)). However, the dispute must be as to a "material fact." *Id.* "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit ... [d]isputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Id.*

In motions for summary judgment, a court must view the evidence and draw inferences in the light most favorable to the non-movant. *Id.* If, however, there are no genuine issues of material fact, the non-movant may not simply rely on allegations in the complaint, but must provide some significant probative evidence supporting the complaint. *Id.* ¶ 21 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)).

### Statute of Limitations (Counts One, Two, and Three)

I.    April 17, 2013 Decision and Order

As with the claims against former-defendant Perez, the Court must first address whether the claims against Defendant Torres are time-barred. Count one (1) and Count Three (3) are each subject to a 3-year statute of limitations period. 7 GCA § 11305(d) (3-year statute of limitation

---

[28] Defendant Francisco Torres' Memorandum in Support of Motion for Summary judgment, CV0471-07 (Jul. 15, 2014).

5

*Bautista and Sholing v. Torres* (CV0471-07)
Decision and Order

for breach of fiduciary duty claim); *see also* 5 GCA § 32121 (3-year statute of limitation for deceptive trade practices claim). The breach of contract claim in Count Two (2) is subject to a 4-year statute of limitations period. *See* 7 GCA § 11303(a); *Park v. Citibank*, Civ. No. 05-00006, 2008 WL 926660, at *8 (Dist. Guam Jan. 1, 2008) (citing 7 GCA § 11303(a)) ("the statute of limitations for a contract action for breach of the covenant of good faith and fair dealing is four years."). Under Guam law, the limitations period commences when "the plaintiff suspects or should suspect that his injury was caused by wrongdoing or that someone has done something wrong to him." *Gayle*, 2000 Guam 25 ¶ 24 (citing *Custodio v. Boonprakong et al.*, 1999 Guam 5 ¶ 27).

In the Decision and Order granting Attorney Perez summary judgment, this Court has already found that the claims arising from breach of fiduciary duty, rescission and covenant of good faith, and deceptive trade practices were each time-barred with regard to the Torres estate. *Bautista and Sholing v. Torres and Perez*, CV0471-07, <u>Decision and Order</u> at 9 (Super. Ct. Apr. 17, 2013). As explained in that Order:

> In this case, the statute of limitations for each of Plaintiffs' claims against Attorney Torres began to run as early as the 1980s. First, Plaintiffs had actual knowledge as early as the 1980s that Attorney Torres was deducting ten percent for attorney's fees. They received periodic rent statements as early as the 1980s showing the ten percent deductions. Second, as early as the 1980s, Plaintiffs suspected that Attorney Torres's ten percent deductions for attorney's fee were excessive and believed that their mother was being taken advantage of by Attorney Torres. Plaintiffs, however, waited until 2007, well after the statute of limitations period had passed for each of their claims, to commence this civil action. Therefore, the statute of limitations for Plaintiffs' claims against the Torres Estate expired long ago.

*Id.* at 10.

6

Substantial evidence and testimony in the record supported this conclusion. Indeed, depositions from the Plaintiffs themselves established unequivocally that Plaintiffs knew about Attorney Torres' ten percent attorney fee deductions. (*See* Motion, Sholing Depo., p. 140, ll. 5-10; Motion, Bautista Depo., p. 68, ll. 7-13). As this Court articulated in the Perez Order:

> Plaintiff Sholing knew of the ten percent deductions as early as the 1980s,[29] and he admitted to thinking that the deductions were "unreasonable" and "too much" when he "first learned" about them.[30] He also thought that Attorney Torres "wasn't doing it right," and that his mother, Ana Sholing, was being "taken advantage of" by Attorney Torres.[31] Like Plaintiff Sholing, Plaintiff Bautista also thought that the ten percent deductions were "too much" and felt that way since the 1990s when she received the rent statements from Attorney Torres.[32]

*Id.* at 3.

Further, this Court has examined and rejected Plaintiffs' arguments that the limitations period was tolled by a continuing representation or continuing wrong theory. The April 17, 2013 Order clarified that "[e]ven if a fiduciary relationship existed between them and Attorney Torres, Plaintiffs were still required to exercise reasonable diligence in discovering wrongful acts." *Id.* at 10. The Court concluded that Plaintiffs did not exercise such diligence, instead opting to forego litigation despite actual awareness of the purported wrongdoings decades before the present suit. *Id.* at 10-11. Likewise, the Court determined that the continuing wrong doctrine "does not apply to cases where the 'injury is definite and discoverable, and nothing prevents [plaintiffs] from coming forward to seek redress.'" *Id.* at 11 (citing *Gayle*, 2000 Guam 25 ¶ 33). Thus, because Plaintiffs received periodic statements of the deductions and had access to independent counsel,

---

[29] Motion, Sholing Depo., p. 140, ll. 5-10 (admitting that "[d]uring the '80s and '90s" he was aware of "the 10 percent deduction by J.U. Torres.").

[30] Motion, Sholing Depo., p. 95, ll. 21-25; p. 96, ll. 1-5; p. 105, ll. 4-11; p. 136, ll. 5-12; p.139, ll. 19-24; p. 191, ll. 22-25; p. 192, ll. 1-9.

[31] Motion, Sholing Depo., p. 192, ll. 21-23; p. 98, ll. 7-14.

[32] Motion, Bautista Depo., p. 68, ll. 7-13 (admitting that she "knew all during the 1990s that Attorney Torres was deducting 10 percent."); p. 69, ll. 16-21 (March 11, 2010).

7

*Bautista and Sholing v. Torres* (CV0471-07)
Decision and Order

they possessed the means and capacity to both discover and litigate these disputes as early as the 1980s. *Id.* Finally, this Court held that equitable tolling was not appropriate in this case, since Plaintiffs had not diligently pursued their rights and there were no exceptional circumstances which prevented them from undertaking legal action within the limitations period. *Id.* at 11-12.

## II.     Law of the Case

The Law of the Case doctrine states that a court is not to reconsider an issue that has already been decided by the same court or a higher court in the same case. *Carlson v. Perez*, 2007 Guam 6 ¶ 19. Given the conclusive nature of these findings on identical facts, the above holdings regarding the limitations period for claims asserted against the Torres estate have become the Law of the Case and must be applied consistently to the present Motion for Summary Judgment. *See Lujan v. Lujan*, 2002 Guam 11 ¶ 7 ("'[A] court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case. This rule is known as the 'law of the case.") (internal quotations omitted); *Lower Elwha Band of S'Klallams v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000) ("The Law of the Case applies to issues that have been decided explicitly or by necessary implication in [the] previous disposition.") (internal quotations omitted); *Transamerica Leasing, Inc. v. Institute of London Underwriters*, 430 F.3d 1326, 1331 (11th Cir. 2005). Absent a showing of clear error, manifest injustice, or an intervening change in law, evidence, or circumstances, "failure to apply the doctrine of law of the case...constitutes an abuse of discretion." *People v. Hualde*, 1999 Guam 3 ¶ 13.

In their opposition to the Motion to Dismiss, Plaintiffs explicitly concede that applying the Law of the Case would result in summary judgment on Counts One through Three. *See* Plaintiffs' Memorandum in Opposition to Francisco Torres' Motion for Summary Judgment,

8

*Bautista and Sholing v. Torres* (CV0471-07)
Decision and Order

CV0471-07 at 1-2 (Aug. 19, 2014). Additionally, there is no allegation of an intervening change in law, fact or circumstance in the case which would affect the holding of the previous Decision and Order. Thus, the Law of the Case will bind the present motion and necessitate summary judgment unless clearly erroneous or manifestly unjust. *Hualde*, 1999 Guam 3 ¶ 13.

Plaintiffs first allege that the Court erred by failing to apply the continuous representation rule after the point where Plaintiffs had actual knowledge of Attorney Torres deductions under the Amended Agreement. Plaintiffs contend that the continuous representation rule extends for the entire pendency of the representation, regardless of actual knowledge of alleged wrongdoing. *See* Opposition, at 4-15. As indicated in Plaintiffs' briefing, this theory of the rule is supported by case law from several jurisdictions. *See e.g. R.D.H. Commc'ns, Ltd. v. Winston*, 700 A.2d 766, 772-73 (D.C. 1997); *Laird v. Blacker*, 828 P.2d 691, 698 (Cal. 1992); *Alagia, Day, Trautwein & Smith v. Broadbent*, 882 S.W.2d 121, 125 (Ky. 1994); *Biomet, Inc. v. Barnes & Thornburg*, 791 N.E.2d 760, 766 (Ind. Ct. App. 2003); *Wall v. Lewis*, 393 N.W.2d 758, 762-65 (N.D. 1986). However, this issue is by no means settled. Many Courts have altogether declined to apply the continuous representation rule. *See e.g. Sharts v. Natelson*, 885 P.2d 642, 647(N.M. 1994); *Barnes v. Turner*, 606 S.E.2d 849, 852 (Ga. 2004); *Witt v. Jones & Jones Law Offices, P.C.*, 646 N.E.2d 23, 25 (Ill. App. Ct. 1995); *Broker House Int'l, Ltd. v. Bendelow*, 952 P.2d 860, 864 (Colo. Ct. App. 1998); *Quailes v. Ennis*, 461 A.2d 694 (Del. 1983). Further, of those jurisdictions that do apply the rule, several have explicitly held that a party may not continue to employ the rule to toll a limitations period after they have become aware of the conduct that gives rise to their cause of action. *Economy Housing Co. v. Rosenberg*, 475 N.W.2d 899, 900 (Neb. 1991); *Sharp v. Teague*, 439 S.E.2d 792, 795 (N.C. App. Ct. 1994); *Ranier v. Stuart &*

9

*Bautista and Sholing v. Torres* (CV0471-07)
Decision and Order

*Freida, P.C.*, 887 P.2d 339 (Ok.Ct.App. 1994); *St. Paul Fire & Marine Ins. Co. v. Speerstra*, 666 P.2d 255, 259 (Or. Ct. App. 1983).

By definition, a point of law subject to a split of authority among different jurisdictions may not give rise to clear and obvious error since the issue remains unsettled and subject to judicial interpretation. *United States v. Moore*, 563 F. App'x 866, 869 (2d Cir. 2014); *United States v. Howell*, 351 F. App'x 959, 960 (5th Cir. 2009); *People v. Jones*, 237081, 2003 WL 22113959 at *2 (Mich. Ct. App. Sept. 11, 2003). Thus, division among jurisdictions regarding the continuous representation rule precludes a finding of clear error necessary to overcome the Law of the Case presumption. *Id.*

The Court is similarly unpersuaded by Plaintiffs' alternate arguments for clear error. As an initial matter, Plaintiffs claim that their Fraudulent Concealment argument is set forth in their first amended motion to file a fourth amended complaint. However, the Court has already denied Plaintiffs leave to file any further complaints. <u>Decision and Order Plaintiffs' Motion for Leave to File Fourth Amended Complaint</u>, CV0471-07 (Feb. 17, 2014). While the Court indeed found futility with regard to Defendant Perez, it also found that Plaintiffs' inordinate amount of attempts to amend their complaint itself constituted prejudice as to both Defendant Perez and Defendant Torres. *Id.* at 4-5 (citing *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980); *Abels v. JBC Legal Grp., P.C.*, 229 F.R.D. 152, 156 (N.D. Cal. 2005)). Thus, the Court made clear that Plaintiffs may make no further amendments to their complaint in this action and, despite any ambiguity in its title, the February 17, 2014 Order constituted a Denial of Plaintiffs amended motion for leave to amend their complaint for a fourth time.

Further, Plaintiffs case for fraudulent concealment is meritless on its face. As discussed above, Undisputed transcripts and depositions definitively established that Attorney Torres sent

10

statements to the Sholing family (including each of the plaintiffs) beginning in the 1980s, informing them specifically of the total rent amount collected as well as the amounts deducted for his attorney's fees.(*see* Defendant's Motion for Summary judgment, filed May 10, 2010 ("Motion"), Manual Sholing Deposition Transcript, p. 103, ll. 11-19 (March 10, 2010); Rosario S. Bautista Deposition Transcript, p. 67, ll. 14-25 (March 11, 2010); Deposition Exhibit File for Sholing Depo. and Bautista Depo. Exs. W, X, Y, Z, A-1, B-1, C-1, and D-1 (Statements of Rent from Attorney Jesus U. Torres)). As indicated, these statements disclosed that Attorney Torres deducted ten percent (10%) of the PIC property rent in payment of attorney's fees.( Sholing Depo., p. 103, ll. 11-19 (March 10, 2010); Bautista Depo., p. 67, ll. 14-25, p. 68, ll. 1-2 (March 11, 2010); Depo. Ex. File, Exs. W, X, Y, Z, A-1, B-1, C-1, and D-1 (Statements of Rent from Attorney Jesus U. Torres)). These facts are themselves more than sufficient to defeat a showing of clear error needed to disturb the Law of the Case. Finally, the undisputed facts in the record similarly contradict Plaintiffs' attempt to assert *Interdonato* estoppel. Far from being "lulled into inaction" by Defendant Torres, Plaintiffs explicitly admit that they were well aware of the deductions, believed them to be improper and too high, and nonetheless declined to bring suit out of respect for their mother. *Bautista and Sholing v. Torres and Perez*, CV0471-07, Decision and Order at 10. Thus, Plaintiffs' argument for estoppel is deficient on its face and this Court's initial findings bind the outcome on the present questions.

Accordingly, Counts One through Three (1-3) against Defendant Torres and the Torres estate are dismissed as time-barred by applicable statutes of limitations.

### Mootness (Count Four)

The Court now turns to Plaintiffs' final claim applicable to Defendant Torres. Plaintiffs assert that Defendant Torres breached his fiduciary duties as executor of the Torres estate by

11

distributing ten million dollars of that estate to their detriment as creditors. However, because the harm articulated would only result if, due to Defendant Torres' conduct, the value of the estate was insufficient to pay a judgment awarded to Plaintiffs' on their other claims, this Decision renders their argument moot.

The question of Justiciability must be resolved before a court may assume jurisdiction to adjudicate the merits of a claim. *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404 (1971). Accordingly, if the issues of a case are no longer live or the parties lack a legally cognizable interest in the outcome, the action is considered moot and this Court may not exercise jurisdiction. *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969); *Soliman v. U.S. ex rel. INS,* 296 F.3d 1237, 1242 (11th Cir. 2002). This rule applies even if a cause of action was live at the commencement of litigation but was thereafter rendered moot by intervening events. *Taitano v. Lujan,* 2005 Guam 26 ¶ 27 (citation omitted).

Given that all substantive claims for relief against the Torres estate have been dismissed *supra* as time-barred, Plaintiffs possess no legally cognizable interest in the funds distributed by Defendant Torres in his role as Executor. Consequently, Defendant Torres' conduct does not constitute a wrong against plaintiffs for which meaningful relief can be granted. *Knox v. Serv. Employees Int'l Union, Local 1000,* 132 S. Ct. 2277, 2287 (2012) (a case becomes moot when "it is impossible for a court to grant any effectual relief...") (internal quotations omitted); *Zhang v. Streiff,* 556 F. Supp. 2d 1310, 1312-13 (S.D. Ala. 2008)( "a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."). As such, Count Four (4) is dismissed as moot.

**Doctrine of Laches**

12

*Bautista and Sholing v. Torres* (CV0471-07)
Decision and Order

In granting Attorney Perez's Motion for Summary Judgment, this Court found that, in addition to exceeding the statute of limitation, the claims against him were alternately barred by the doctrine of laches. Decision and Order at 13-15 (Apr. 17, 2013). Laches is "an equitable time limitation on a party's right to bring suit" designed to limit recovery of "those who sleep on their rights." *Duenas v. Guam Election Comm'n*, 2008 Guam 1 ¶ 16 (internal quotation omitted). For laches to bar a claim, there must be "inexcusable delay which prejudices the [opposing party]'s ability to respond." *Id.* ¶ 17 (quoting *May v. People*, 2005 Guam 17 ¶ 27). In determining whether to apply the doctrine, the Court must examine "both the length of the delay between the potential and actual actions and the circumstances surrounding the delay." *Zahnen v. Limtiaco*, 2008 Guam 5 ¶ 24 (internal quotation omitted).

With regard to the claims against Attorney Perez, This Court determined, based upon the facts of this case, that "Plaintiffs' delay in bringing the suit was unreasonable because Plaintiffs were well aware that the attorney's fee deductions were being made as early as the 1980s....[and] they had access to independent counsel." Decision and Order at 14. In addition, the Court concluded that substantial prejudice resulted from the delay because the deaths of Ana Sholing and Attorney Torres, the only two parties to the contract, deprived Attorney Perez of "the opportunity to prepare a full and fair defense against Plaintiffs' claims regarding the Amended Agreement." *Id.* This same rationale applies to bar the claims against Defendant Torres. Each of the claims against him derives from the initial agreement negotiated between its now-deceased participants, Ana Sholing and Jesus Torres. As such, their deaths eliminate the only two persons "who had actual knowledge of what was discussed and disclosed regarding the Amended Agreement." *Id.* Thus, the inexcusable, decades-long delay in challenging the

13

agreement would render a fair defense impossible due to the deaths of all material witnesses to the agreement.

Finally, the Court rejects Plaintiffs' attempt to bar Defendant Torres' use of Laches by asserting that he comes to the Court with unclean hands. To prevail with an unclean hands defense, a plaintiff must demonstrate that an opposing party has "engaged in particularly egregious conduct which would change the equities significantly in plaintiff's favor." *Expert Microsystems, Inc. v. Univ. of Chicago*, 712 F. Supp. 2d 1116, 1123-24 (E.D. Cal. 2010) (citations omitted). In addition "a plaintiff relying on the unclean hands doctrine to defeat a defense of laches must show not only that the defendant engaged in misconduct, but moreover that the defendant's misconduct was responsible for the plaintiff's delay in bringing suit." *Id.* (citing *Serdarevic v. Advanced Med. Optics, Inc.*, 532 F.3d 1352, 1361 (Fed. Cir. 2008)); *see also Yeda Research & Dev. Co. v. Imclone Sys. Inc.*, 443 F.Supp.2d 570, 629–30 (S.D.N.Y.2006) ("Because we find that defendants' hands are unclean, *i.e.,* they are responsible for plaintiff not finding out about their patent applications, the laches defense is unavailable to defendants."). As discussed at length *supra*, Plaintiffs were fully aware of the facts giving rise to their alleged claim and independently delayed exercising their rights until their mother had passed away out of respect for her. *Bautista and Sholing v. Torres and Perez*, CV0471-07, <u>Decision and Order</u> at 10. Thus, regardless of the veracity of Plaintiffs' claims concerning Defendant Torres with respect to the agreement, their own responsibility in delaying suit forecloses use of the unclean hands doctrine. *Serdarevic*, 532 F.3d at 1361. Accordingly, all claims are barred and summary judgment is proper.

14

## CONCLUSION

Based on the foregoing reasons, the Court GRANTS Defendant Torres's Motion for Summary Judgment. Defendant Torres shall prepare a proposed judgment, obtain approval as to form from the other parties and submit it to the Court.

**SO ORDERED** this 13th day of October 2014.

HONORABLE KATHERINE A. MARAMAN
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:
_W. Wong; John Terlaje; T. Thompson_
_D. Berman; J. Tang; M. Phillips_
Date: _10/13/14_ Time: _1:55 pm_

Deputy Clerk, Superior Court of Guam

*Bautista and Sholing v. Torres* (CV0471-07)
Decision and Order